```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**GERALD GUTHRIE**                                              **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:04CV953-WHB-AGN**

**CENTRAL PARKING SYSTEMS, INC.**                               **DEFENDANT**


## OPINION AND ORDER

This cause is before the Court on Defendant's Motion in Limine to Exclude Evidence of Other Incidents, which was filed with the Clerk of the Court on November 29, 2005, under docket entry no. 36. Through this Motion, Defendant seeks to preclude the admission at trial of three Accident Reports from Central Parking facilities in Jackson, Mississippi. Defendants seeks to preclude the evidence under Rules 401, 402, 403, 801, 802 and 805 of the Federal Rules of Evidence.

Defendant contends, *inter alia*, that the Accident Reports constitute inadmissible hearsay under Rules 801, 802 and 805. Plaintiff argues that the Accident Reports are *not* hearsay because they constitute admissions by a party-opponent under Rule 801(d)(2), which states in part:

> Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or

servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

The Court has reviewed the contents of the three Accident Reports and finds none of them fits within the definition of non-hearsay under Rule 801(d)(2).  The statements are not the statements of Defendant, but rather the statements of those who had been involved in accidents, and Defendant did not adopt the statements therein as truthful. See Rule 801(d)(2)(A) and (B). Further, the provisions of Rule 801(d)(2)(C) through (E) are not met.

For these reasons, the Court will grant the subject Motion. The Court notes that this ruling is limited to barring Plaintiff from introducing the Accident Reports in its case in chief. Whether the Reports can be admitted for another purpose, such as impeachment of a witness, must be decided at trial.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendant's Motion in Limine to Exclude Evidence of Other Incidents (docket entry no. 36) is hereby granted under the conditions set forth above.

SO ORDERED this the 8th day of December, 2005.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct